**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JOSH T. BOWMAR and SARAH E. BOWMAR,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE OF THE DEPARTMENT OF THE INTERIOR and ACTING SECRETARY OF THE INTERIOR, DAVID BERNHARDT, and JOHN DOES 1-5,<br>    Defendants. | Case No. 7:19cv-5000 |

---

## COMPLAINT
---

Come the Plaintiffs, Josh T. Bowmar and Sarah E. Bowmar, by and through counsel, and sue the United States Fish and Wildlife Service of the Department of the Interior, by and through the Acting Secretary of The Interior, David Bernhardt, and John Does 1-5, and for cause would state and show as follows:

### I.
### THE PARTIES

1. The Plaintiff, Josh T. Bowmar ("Josh Bowmar"), was a citizen and resident of Ohio for all times material hereto.

2. The Plaintiff, Sarah E. Bowmar "(Sarah Bowmar"), was a citizen and resident of Ohio and the wife of Plaintiff, Josh T. Bowmar for all times material hereto.

1

3. The Defendant, by and through the Acting Secretary, David Bernhardt, United States Fish and Wildlife Service of the Department of the Interior ("Fish and Wildlife Service"), is the United States agency currently led by Acting Secretary David Bernhardt under which and whom the United States Fish and Wildlife Service operates and manages the nation's fish and wildlife resources.

4. The Defendants, John Does 1-5, are agents for the United States Fish and Wildlife Service operating on its behalf for all times material hereto.

## II.
## VENUE AND JURISDICTION

5. The Plaintiffs aver that venue is proper in this jurisdiction because all acts complained of herein occurred, accrued or had a substantial nexus to this jurisdiction and pursuant to Fed. R. Crim. P. Rule 41(g).

6. The Plaintiffs aver that jurisdiction is proper in this Court because all acts complained of herein occurred or accrued in this jurisdiction and pursuant to Fed. R. Crim. P. Rule 41(g).

## III.
## THE FACTS

7. The Plaintiffs aver that the Fish and Wildlife Service hacked into their stealth cameras app without a warrant on divers days beginning in December 2016 and throughout 2017. The Plaintiffs' cameras were hacked into on at least 28 different occasions during this time period. The equipment was located in Nebraska. They were stealth cam cellular cameras into which the agents hacked.

8. The Plaintiffs aver that the Fish and Wildlife Service agents interrogated the Plaintiffs, Josh and Sarah Bowmar, and showed them photographs on or about

November 6, 2017 that could have only been obtained from the Plaintiffs trail cameras.

9. The Plaintiffs aver that the pictures shown to them by Fish and Wildlife Service agency were not public pictures and could have only been accessed by illegal means, such as hacking into their trail cameras. The Plaintiffs were not served with any search warrants for access into these trail cameras and Defendants had no probable cause nor legal authority to access their cameras.

10. The Plaintiffs aver that agents of Defendant, Fish and Wildlife Service, told Plaintiff, Sarah Bowmar, that they had been watching her for months when she would go into the woods in Nebraska.

11. The Plaintiffs aver that Defendant, Fish and Wildlife Service, agents violated Plaintiff, Sarah Bowmar's, privacy by watching her urinate in the woods over many months in Nebraska during this time.

12. The Plaintiffs aver that Defendant, Fish and Wildlife Service, took their phones without a warrant on November 6, 2017 in Southern Nebraska near the Kansas border and without their effective consent.

13. The Plaintiffs aver that agents of the Defendant, Fish and Wildlife Service, illegally gained access to the Plaintiffs' private photos and messages without their consent, without a warrant and without legal authority and in violation of their constitutional rights.

14. The Plaintiffs aver that Defendant, Fish and Wildlife Service by and through its agents, illegally downloaded the Plaintiffs' personal photos, messages and passwords.

15. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, by its agents touched Plaintiff, Sarah Bowmar, in a sexual manner continuously while she was being interviewed making her feel uncomfortable and harassed.

16. The Plaintiffs aver that Defendant, Fish and Wildlife Service, by its agents would continuously bump into Plaintiff, Sarah Bowmar, during her interview making her feel uncomfortable and harassed.

17. The Plaintiffs aver that Defendant, Fish and Wildlife Service, officers abandoned the Plaintiffs in a Wal-Mart parking lot without cellular phones or any forms of communication.

18. The Plaintiffs aver that when the Defendant, Fish and Wildlife Service, officers abandoned the Plaintiffs in the Wal-Mart parking lot it caused them stress and panic and for their family members as well because the Plaintiffs were traveling and had no communication for over thirty (30) hours. This occurred at Lexington, Nebraska on November 7, 2017.

19. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, officers pulled the Plaintiffs over with guns pulled and held them at gun point until the Plaintiffs turned over their phones without a warrant on November 6, 2017.

20. The Plaintiffs aver that it took months for the Plaintiffs to obtain possession of their computer and hard drives back from the Defendant, Fish and Wildlife Service.

21. The Plaintiffs aver that the delay in getting their computer and hard drives back from the Defendant, Fish and Wildlife Service, caused the Plaintiffs to be unable to work as needed and they suffered a loss in wages.

22. The Plaintiffs aver that the warrant they were actually served with did not have a date on it.

23. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, tracked them while they were hunting by accessing their mobile phones without a warrant and without their consent from November 2016 and throughout 2017 in violation of the Fourth Amendment to the Constitution.

24. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, confiscated four (4) Nebraska male deer mounts when the mule deer were not the subject of any investigation at Lexington, Nebraska on November 6, 2016. The mule deer had been legally harvested on divers dates in Nebraska on September 5, 2016, September 6, 2016, September 12, 2016 and September 21, 2017.

25. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, officers never read or advised the Plaintiffs their rights at any time despite arresting them on November 6, 2017 in Lexington, Nebraska.

26. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, did not tell the Plaintiffs that they were recording the Plaintiffs at the time of their arrest.

27. The Plaintiffs aver that Plaintiff, Josh Bowmar, saw the Defendant, Fish and Wildlife Service, officer(s) recording their conversations on one of the Defendant, Fish and Wildlife Service, officer's iPads.

## IV.
## ACTION FOR REPLEVIN AND TO SUPPRESS ILLEGALLY OBTAINED EVIDENCE PURSUANT TO FED. R. CRIM. P. RULE 41

28. The Plaintiffs rely upon the factual averments in numbered paragraphs 1-27 in support of the following cause of action.

29. The Plaintiffs aver that the Defendant, Fish and Wildlife Service, obtained property from them without probable cause and without warrants and without a legal basis in violation of the Fourth and Fifth Amendments to the United States Constitution and Fed. R. Crim. P. Rule 41. The Plaintiffs aver that the Defendants collectively violated the Plaintiffs' constitutional rights as aforepled.

**THE PLAINTIFFS PRAY FOR THE FOLLOWING RELIEF:**

1. That the Defendants be served and be required to answer within the time allowed by law;
2. That the Defendants be ordered to return all seized property and to suppress any and all evidence or materials seized by the Defendants;
3. That the Defendants be ordered to disclose all means and methods employed by the Defendants in obtaining property and information from and about the Plaintiffs;
4. That the Plaintiffs be awarded their attorney's fees.
5. That the Plaintiffs be awarded such other, further relief to which they may be entitled.

Respectfully submitted,

_/s/ G. Kline Preston, IV_____
**G. Kline Preston, IV #17141
Kline Preston Law Group, P.C.
4515 Harding Pike, Suite 107
Nashville, TN 37205
Phone: (615) 279-1619
Fax: (866) 610-9565
kpreston@klineprestonlaw.com**