IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSH T. BOWMAR and SARAH E. BOWMAR, | ) ) ) |
| Plaintiffs, | ) ) |
| Vs. | ) Case No.: 7:19-CV-5000 ) ) |
| UNITED STATES FISH AND WILDLIFE SERVICE OF THE DEPARTMENT OF THE INTERIOR, DAVID BERNHARDT, Secretary of United States Department of the Interior; and JOHN DOES 1-5, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE
JUDGE'S FINDINGS AND RECOMMENDATION**

COME the Plaintiffs, by and through counsel, in accordance with Rule 72 of the Federal Rules of Civil Procedure, Plaintiffs object to the Magistrate Judge's Findings and Recommendation as follows:

**I.    FACTS:**

The following facts are salient to the Plaintiffs' objections. Agents of the Fish and Wildlife Service ("FWS") hacked into Plaintiffs' camera's apps at least on 28 different occasions from December 2016 throughout 2017. (Amended Complaint, ¶ 7). On November 6, 2017, FWS's agents improperly pulled Plaintiffs' vehicle over and took their cell phones without their effective consent (Id. at 9). The taking was at gun point. (Id. at 21 and 22). The agents interrogated Plaintiffs for several hours without proper justification. (Id. at 11). At this point in time, the agents did not have a search warrant.

1

(Id. at 10). Approximately six hours of interrogation passed before the agents even sought a warrant (Id. at 11).

After the lengthy interrogation, the agents sought a search warrant for Plaintiffs' cell phones, computer hard drives, cameras, SD cards, bow, and deer mounts (Id. at 11 and 12). Plaintiffs state that when the agents pulled them over, they had four to six vehicles, and the agents had guns drawn. (Id. at 20). The armed agents demanded Plaintiffs' cell phones at first approach. (Id. at 21).

Plaintiffs did not voluntarily turn over their phones, as they were being held at gun point scared for their lives. (Id. at 22). The agents then misled Plaintiffs by telling them they wanted to talk for a few minutes, which turned into hours, and then, in essence, stranded the Plaintiffs without any form of communication. (Id at 27-31). About six hours after the state agents detained and apparently arrested Plaintiffs, the agents sought a search warrant. (Id. at 27).

The agents harassed Plaintiff, Sarah Bowmar, during the interrogation (Id. at 40-45). The agents showed Plaintiffs pictures that the agents accessed by illegal means. (Id. at 47). Plaintiffs were never read their Miranda rights though they were arrested on November 6, 2017 in Lexington, Nebraska. (Id. at 55).

Plaintiffs filed an action for replevin, which the Magistrate Judge considered and ruled on as a motion for return of property in accordance with Rule 41(g).

II. **ARGUMENT:**

Plaintiffs take issue with and object to the Magistrate Judge's Findings and Recommendation. The Magistrate Judge is also the judge who issued the search warrants to the agents that violated Plaintiffs' constitutional rights. The Plaintiffs object to the

same Magistrate who approved the dilatory, post-search warrants ruling on the constitutionality and legality of the searches that the Plaintiffs have challenged. The Plaintiffs would state and show that they should be afforded a hearing on this issue and their underlying complaint before it being subjected to dismissal on substantive grounds.

As the Magistrate Judge correctly stated, Rule 41(g) motions may be maintained by a party before indictment. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). And Magistrate Judge Jackson also states that "[t]he government must then establish a legitimate reason to retain the property. *Id*. at 397. The government has no valid reason to retain most of Plaintiffs' property, which consists of the following items in its possession: forensic images from electronics, a hunting bow and case, four deer mounts, and hunting tags and paperwork.

The Plaintiffs filed their complaint prior to any criminal charges being filed against them. It has been over two and a half years since this incident and still the Government has not filed any charges. Furthermore, any charges brought at this time would be as a result of the current tactics complained of by the Plaintiffs and subject to suppression as being "fruit of the poisonous tree."

The Magistrate Judge pointed to *Black Hills Inst. of Geological Research v. U.S. Dep't of Justice*, 967 F.2d 1237 (8th Cir. 1992) as one of the cases that pertains to a Rule 41 motion. Plaintiffs point out that this case involved a Rule 41(e) matter, which sought return after indictment issued. This matter is distinguishable.

Plaintiffs will show that they will succeed upon the elements, that the agents acted with callous disregard of their Fourth Amendment rights and they are suffering irreparable

injury if this Court denies their motion, as they lack an adequate remedy at law. *Wilansky v. United States*, 326 F. Supp. 3d 784, 790 (D. Minn. 2018).

1. **Callous Disregard for Plaintiffs' Constitutional Rights**

Plaintiffs take issue with the actions of the Government as they were violations of their Fourth Amendment rights. Though a cell phone may be seized prior to a warrant being issued, it may not be searched. Any violation of this is a violation of Plaintiffs' constitutional rights. The Plaintiffs believe the agents searched the cell phone prior to obtaining the warrant, whether looking at information or starting to download the information. At a minimum, this Court should allow the Plaintiffs to depose said agents and technicians and all of those involved to ascertain whether they violated their constitutional rights.

The Magistrate Judge pointed to *Wilansky* citing *Black Hills* as to a motion to return property. Continuing within *Wilansky*, in order to analyze this factor, an unreasonable length of time from seizure to being charged with a criminal offense "may well involve a callous disregard …." *Wilansky* at 791. It has been over two and a half years since the November 6, 2017 incident and no criminal charges have been filed. It is a fundamental violation of Plaintiffs' constitutional rights and callous disregard by the Government for their constitutional rights. Even if this Court deems that the more than two and a half years is not a violation, the items being sought by Plaintiffs that are currently possessed by the Government would not be useful even for any potential criminal prosecution.

In the Magistrate Judge's Finding and Recommendations, he points to the fact that the cell phones and 12 SD cards were returned within 24 hours of seizure and the remaining SD card, laptop computers and other electronic items were returned sometime around three months after the initial seizure. It is interesting that it took three months or so for the agents to make forensic

copies of those items knowing full well it was damaging to the Plaintiffs' business. It was done for spite and with a callous disregard for the Plaintiffs' rights.

The Government possesses forensic image data which should be suppressed and returned to the Plaintiffs including all mediums of copies. There is no basis for the Government to have these items. In addition, however, the Government possesses a hunting bow and a case, four deer mounts, and hunting tags and related paperwork, which are the Plaintiffs' property. There is not a basis for the Government to retain these items 2 1/2 years after they were taken unless they are to be used as potential evidence in which case they are subject to suppression. Plaintiffs state that the deer were legally harvested on divers' dates in Nebraska on September 5, 2016, September 6, 2016, September 12, 2016, and September 21, 2017. (Amended Complaint ¶ 54). If these items are not subject to being potential evidence they must be returned, and if not, it is a callous disregard for the Plaintiffs' constitutional rights. The delay in their return constitutes a callous disregard as well. Again, the agents should have to answer these questions during their depositions.

The Magistrate Judge points out that the hunting tags and related paperwork are being retained as per the ongoing investigation. That being said, it appears that the Government could make copies of said hunting tags and documents and return the originals to Plaintiffs. Then the Government would have possession of the documents they need for any potential criminal proceeding. The data unlawfully collected should be suppressed in any event.

The Magistrate Judge also points out that the deer mounts and the bow are potential derivative contraband and that the Government needs to retain those items for forfeiture proceedings. Again, it has been over two and a half years and nothing has been done to initiate

either a criminal or a forfeiture proceeding. This is a clear and present callous and wanton violation of Plaintiffs' constitutional rights.

2. **Irreparable Harm**

Not being able to enjoy one's possessions is, in and of itself, causing the Plaintiffs irreparable harm. The items serve no purpose to the Government, as they were legally obtained by Plaintiffs, should not be part of any potential criminal or forfeiture proceeding, and thus, the only purpose is a mystery to the Plaintiffs. The Government's retention of these items is unlawful.

3. **Adequate Remedy at Law**

Plaintiffs have no adequate remedy at law for the government's actions and inactions. The government possesses items that have no benefit and are not part of any criminal proceeding now and should not be in the future and are being kept for no legitimate purpose.

4. **Individual Interests / Public Interests**

The Magistrate Judge considered the individual interest in and need for the property. *Black Hills*, 967 F.2d at 1239. The individual interest for Plaintiffs is that the property and items belong to them. The four deer mounts were harvested legally, the bow and its case rightfully belong to the Plaintiffs, and there is no real consideration of a forfeiture proceeding. The value and worth of property is unique to the owner. Furthermore, the copies of any electronically stored materials are valuable to the Plaintiffs for their own reasons. It is not the Government's prerogative to determine what value an item may have to someone. The items and copies of files have value for the Plaintiffs and the Government has unconstitutionally infringed on the Plaintiffs' rights under the Fourth and Fifth Amendments to the U.S. Constitution.

## III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the district judge reject the Magistrate Judge's Findings and Recommendation and deny the Government's Motion to Dismiss.

**Respectfully submitted,**

**KLINE PRESTON LAW GROUP**

/s/ G. Kline Preston, IV
G. Kline Preston, IV, BPR #17141
4515 Harding Pike, Suite 107
Nashville, TN 37205
Phone: (615) 279-1619
Fax: (866) 610-9565
kpreston@klineprestonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notifications of such filing to all registered participants. I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants: None.

/s/ G. Kline Preston, IV