IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSH T. BOWMAR and SARAH E. BOWMAR,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE OF THE DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | 7:19-CV-5000<br><br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the plaintiffs' objection (filing 58) to the Magistrate Judge's findings and recommendation (filing 56) that the defendants' motion to dismiss (filing 42) be granted. The Court will overrule the objection, adopt the findings and recommendation, grant the motion to dismiss, and dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1).

The Court's review of the Magistrate Judge's findings and recommendation is *de novo*. 28 U.S.C. § 636(b)(1). A *de novo* review requires the Court to consider the record which was developed before the magistrate and make its own determination on the basis of that record, without being bound to accept the findings and conclusions of the magistrate—but the Court is entitled to accept those findings or recommendations, in whole or in part, including the magistrate's findings as to credibility. *United States v. Portmann*, 207 F.3d 1032, 1033 (8th Cir. 2000); *see United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Juvenile Male*, 889 F.3d 450, 454 (8th Cir. 2018).

In this case, on its *de novo* review, the Court agrees with the Magistrate Judge's findings and recommendation, and will adopt them. Only two points require further discussion:

> The Plaintiffs object to the same Magistrate who approved the dilatory, post-search warrants ruling on the constitutionality and legality of the searches that the Plaintiffs have challenged. The Plaintiffs would state and show that they should be afforded a hearing on this issue and their underlying complaint before it being subjected to dismissal on substantive grounds.

Filing 58 at 1-2. But the plaintiffs did not object to this case being assigned to Judge Zwart when it happened. Filing 31. Nor did they ask her to recuse herself. *See* 28 U.S.C. § 455. Rather, they waited until she ruled against them, waiving the opportunity to complain about it. Nor, even now, do they advance an argument satisfying the criteria for recusal of a federal judge. *See id.* And in any event, the Court's *de novo* review makes this the undersigned's decision.

Nor have the plaintiffs made any showing of the need for a hearing. This Court's local rules provide that

> [a]ny request for oral argument or for an evidentiary hearing by a moving party must be included in the motion or else presented by a separate motion filed no later than the deadline for filing a reply brief. Any request for oral argument or for an evidentiary hearing by an opposing party must be presented by a motion filed no later than the deadline for filing an opposing brief. In general the court does not allow oral argument or evidentiary hearings on motions. The party requesting oral argument or an evidentiary hearing

must state (1) why argument or a hearing is necessary and (2) an estimate of the time required for the argument or hearing.

NECivR 7.1(e). The plaintiffs requested no hearing in opposing the government's motion to dismiss, *see* filing 52, and even now have not explained why a hearing is necessary. This case is fully resolvable on the record already before the Court. Accordingly,

IT IS ORDERED:

1. The plaintiffs' objection (filing 58) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 56) are adopted.

3. The defendants' motion to dismiss (filing 42) is granted.

4. The plaintiffs' complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

5. A separate judgment will be entered.

Dated this 10th day of June, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge